IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINGS PLATINUM, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-2145-D |
| | § | |
| WESTCHESTER SURPLUS | § | |
| LINES INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Wings Platinum LLC ("Wings") sues its insurer, defendant Westchester Surplus Lines Insurance Company ("Westchester"), alleging claims for breach of an insurance contract and the duty of good faith and fair dealing, and for violations of the Texas Insurance Code, Tex. Ins. Code Ann. §§ 541.060, 542.051 (West 2023). Westchester noticed and subpoenaed Wings's corporate representative for a deposition under Fed. R. Civ. P. 30(b)(6), and Wings moved for a protective order. The court stayed the deposition and ordered the parties to meet and confer in order to narrow or eliminate the need for the motion. Although the meet-and-confer has narrowed the dispute, it has not resolved the motion in its entirety. The court now addresses what remains.

I

This case involves an insurance coverage dispute. Westchester insured Wings's commercial property in Dallas (the "Property") under an insurance policy (the "Policy"). Wings alleges that, on or about April 9, 2021, a severe wind and hail storm caused significant

damage to the Property's roof and exterior. Wings submitted a claim under the Policy for wind and hail damage to the Property that it maintained was caused by the storm, seeking the cost to repair the roof. Westchester retained an engineer, Robert Herrera ("Herrera"), to investigate Wings's claim. Herrera reported on September 20, 2021 that the Property had not sustained hail damage and that "[n]o significant hail events (reported hail of larger than .50-inch-wide) had occurred at the location of the [Property] since April 25, 2017." P. Pet. (ECF No. 1-2) at 8, ¶ 18. After Westchester denied Wings's claim on or about April 21, 2022, Wings sued Westchester in state court, and Westchester removed the lawsuit to this court.

Wings now moves for a protective order regarding Westchester's Rule 30(b)(6) deposition. The court addresses the grounds of the motion that the parties did not resolve in their meet-and-confer. The court is deciding the motion on the briefs, without oral argument.[1]

II

Rule 30(b)(6) governs deposition notices or subpoenas directed to an organization and "imposes burdens on both the discovering party and the designating party." *Johnson v. Big Lots Stores, Inc.*, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008). "The effectiveness of Rule 30(b)(6) 'bears heavily upon the parties' reciprocal obligations' to identify topics with

---

[1]After the meet-and-confer, Westchester filed a response, but Wings has not filed a reply to the response. Because the time to file a reply has elapsed, the motion is now ripe for decision.

particularity and prepare witnesses in good faith." *Westley v. Out W. Express, LLC*, 2023 WL 8934937, at *3 (E.D. La. Dec. 27, 2023) (quoting *Lipari v. U.S. Bancorp, N.A.*, 2008 WL 4942618, at *5 (D. Kan. Oct. 16, 2008)).

Under Rule 30(b)(6), the discovering party's deposition notice must "describe with reasonable particularity the matters for examination." Rule 30(b)(6). This requirement aims to enable the designating party "to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter." 8A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure*, § 2103 (3d ed. 2023). In light of this goal, the discovering party must "take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Matherne v. Huntington Ingalls Inc.*, 2024 WL 21569, at *3 (E.D. La. Jan. 2, 2024) (quoting *Pauls v. Prudential Ins. Co. of Am.*, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (Horan, J.)). "The court may limit a Rule 30(b)(6) deposition notice to the extent that it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous." *United Healthcare Servs., Inc. v. Next Health, LLC*, 2021 WL 9146632, at *2 (N.D. Tex. Oct. 13, 2021) (Rutherford, J.) (internal quotation marks omitted) (quoting *Dean v. Shell Pipeline Co., LP*, 2020 WL 2813521, at *3 (M.D. La. May 29, 2020)).

The discovering party's deposition notice is also subject to limitations under Rule 26. Rule 26(b)(1) provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule

26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)). Rule 26(b)(2)(C) also provides that a court "must limit the frequency or extent of discovery otherwise allowed by" the Federal Rules of Civil Procedure when

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(2)(C).

After the discovering party satisfies its burden, the designating party must choose "one or more officers, directors, or managing agents" or "other persons who consent" to testify on its behalf. Rule 30(b)(6); *see also Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) (explaining that Rule 30(b)(6) "places the burden of identifying responsive witnesses for a corporation on the corporation"). "The persons designated must testify about information known or reasonably available to the organization." Rule 30(b)(6).

Rule 30(b)(6) imposes a duty on the designating party "to present and prepare a [] designee beyond matters personally known to that designee or to matters in which that designee was personally involved" and to "prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos*

*River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (citations omitted). Admittedly, Rule 30(b)(6), the Rule's Advisory Notes, and Fifth Circuit authority do not define with much specificity the obligation to testify about matters "reasonably available" to the organization. But district courts in this circuit generally require that the designating party prepare its designee in part regarding corporate documentation relating to the deposition topics. *See Texas v. Google LLC*, 2024 WL 1691623, at *3 (E.D. Tex. Apr. 15, 2024) (requiring that deponent prepare designee based on relevant, responsive documents in the party's possession); *Chennault Int'l Airport Auth. v. Starr Surplus Lines Ins. Co.*, 2023 WL 6064830, at *2 (W.D. La. Sept. 5, 2023) (requiring that deponent search for any records of dealings with named entities and, if such records exist, prepare designee based on those records); *Noone v. Ohio Nat'l Life Ins. Co.*, 2022 WL 20539197, at *4 (S.D. Miss. Dec. 30, 2022) (requiring that deponent prepare and testify regarding non-parties because deponent was currently involved in other litigation raising nearly identical claims and, therefore, the requested information, regarding relevant topics not specific to the parties, was readily available); *see also Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (recognizing the liberal discovery standard and a party's right to use depositions as a discovery tool).

On the other hand, district courts in this circuit limit a designating party's preparation when the burden and expense to investigate and acquire that information conflicts with other discovery rules, or the information does not exist or is genuinely unavailable. *See* Rule 26(b)(1), (b)(2)(C); *United States v. 5.934 Acres of Land*, 2023 WL 2250009, at * 3 (S.D. Tex. Feb. 27, 2023) (granting protective order when deponent would have had to uncover the

subjective beliefs of government decisionmakers in 2008, which was not proportional to the needs of the case and imposed an undue burden); *United Health Servs.*, 2021 WL 9146632, at *3 (distinguishing deponent's position from that of other organizations that claimed that information did not exist or never existed, or that it lacked means to ascertan that information).

Rule 26(c) also provides, in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Rule 26(c). The burden is on the movant to show that good cause exists, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (internal quotation marks omitted) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The movant "must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (Horan, J.) (first citing *Merrill*, 227 F.R.D. at 477; and then citing *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (Ramirez, J.)).

III

With the pertinent jurisprudence in mind, the court now turns to Wings's motion for a protective order.

A

Topic No. 1 seeks discovery regarding "[t]he identity and role of all persons engaged or involved in investigating the alleged loss of plaintiff, including public adjusters," P. Br. (ECF No. 18) at 3. Wings objects that Westchester does not state the matter with particularity, asserting, *inter alia*, that the topic does not identify persons about whom Wings must testify or specify a reasonable time period. Westchester maintains that it is "entitled to ask about information known or reasonably available to Wings" regarding this topic and names entities that have been "involved in investigating" Wings's claim: a public adjuster, DA Lamont; its tenant/related entity, GEM Southwest LLC; and Westchester's named insured, Holt Lunsford Commercial.

The court finds that Topic No. 1 is proper as written, because it is not worded so broadly as to make compliance with the notice unnecessarily burdensome. In *MC Trilogy Texas, LLC v. City of Heath*, 2024 WL 1641233, at *4 (N.D. Tex. Apr. 16, 2024) (Fitzwater, J.), the discovering party sought communications between the designating party and "any other Person" regarding a broad subject matter. This court recognized that a topic covering information "from any source" is improper under Rule 30(b)(6) because the discovering party does not define a topic with reasonable particularity when it requires a deponent to prepare a witness to address unspecified topics from unstated sources. *See also Westley*, 2023 WL 8934937, at *4. But Topic No. 1 does not seek information regarding an unspecified topic from any source. *See Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, 2018 WL 3358641, at *6-7 (S.D. Ohio July 10, 2018) (analyzing Rule 30(b)(6)

- 7 -

deposition topics differently when they seek information regarding communications from any source rather than identify certain persons).

Although Topic No. 1 does not identify the persons about whom Wings must testify, it does specify a "source" of the information: *Wings*. Wings presumably knows the identity and role of those persons who investigated its loss. Topic No. 1 is also inherently limited in time from the date of Wings's alleged loss, on or about April 9, 2021, to the conclusion of its investigation regarding that loss, and (consistent with Westchester's concession) to nonprivileged matters. P. Pet. (ECF No. 1-2) at 4, ¶ 13; D. Resp. (ECF No. 20) at 5 ("Westchester will not inquire into privileged matters and agrees not to ask about matters in anticipation of litigation.").

Although Wings may incur burden and expense to prepare its corporate representative on this topic, Wings has not produced any evidence that supports what it asserts to be its burden. *See* Rule 26(b)(1), (b)(2)(C). While some courts have granted protective orders where it was clear that the proposed discovery could be obtained by less burdensome means, Wings has established no basis that persuades this court, in its discretion, to similarly modify the proposed discovery. *Cf. Majestic Bldg. Maint., Inc.*, 2018 WL 3358641, at *6 (granting protective order based on determination that it was clear that written discovery would be more cost-efficient and less burdensome for deponent).

Accordingly, the court denies Wings's request for a protective order as to Topic No. 1. Wings has a duty under Rule 30(b)(6) to prepare its designee(s) regarding the identity and role of all persons engaged or involved in investigating its alleged loss. Wings must educate

its designee(s) by reviewing documents in its possession, interviewing former employees, or utilizing any properly acquired source of information. *See United Healthcare Servs., Inc.*, 2021 WL 9146632, at *3; *Brazos River Auth.*, 469 F.3d at 433.

B

Wings's objections to Topics Nos. 3, 6, and 8 are identical.[2] Topic No. 3 seeks "[a]n itemization of all damages allegedly suffered by plaintiff," P. Br. (ECF No. 18) at 4; Topic No. 6 seeks discovery regarding "[t]he cause(s) of the damage for which plaintiff seeks coverage," *id.*; and Topic No. 8 seeks discovery regarding "[t]he condition of the insured property subsequent to the storm event you allege caused the damage,"*id.* at 5. Wings objects, *inter alia*, that the topics seek expert testimony from a lay witness and improper legal conclusions relating to damages. Westchester posits that it is entitled to the information known or reasonably available to Wings regarding the damages it seeks in this suit.

The court concludes that Topic Nos. 3, 6, and 8 are proper as framed, because Westchester is entitled to discover Wings's views regarding damages and causation. District courts within the Fifth Circuit generally permit the discovering party to depose a corporate representative on what damages, if any, the corporate plaintiff suffered and on what caused

---

[2] It is unclear whether Topic No. 8 remains in dispute; Westchester states that Wings agreed to withdraw its objection to this deposition topic, but Westchester addresses the topic as if it remains in dispute. On the assumption that the parties still dispute Topic No. 8, the court will address it.

the damages.³  *See Veroblue Farms USA Inc. v. Wulf ("Veroblue")*, 2022 WL 1644442, at *8 (N.D. Tex. May 23, 2022) (Horan, J.); *Walker LP v. Certain Underwriters at Lloyds, London*, 2023 WL 6134767, at *6 (M.D. La. Sept. 19, 2023); *Frazier v. Carmike Cinemas, Inc.*, 2009 WL 10677183, at *2 (E.D. Tex. Sept. 24, 2009).

In *Veroblue* Judge Horan concluded that "Rule 30(b)(6) testimony regarding facts related to the cause of damages and specifically who and what caused [the] damages are fair to ask of a corporate representative to obtain [its] position on that matter[.]" *Veroblue*, 2022 WL 1644442, at *8. He reasoned that "a party cannot avoid discovery . . . of its own views on a factual matter in dispute . . . simply because its view on that matter may be informed by consulting with its retained experts." *Id.* (quoting *Dennis v. United States*, 2017 WL 4778708, at *9 (N.D. Tex. Oct. 23, 2017) (Horan, J.)). Consequently, he confined the Rule 30(b)(6) testimony to "who and what caused [its] damages" and allowed the corporate representative to defer to and testify that it "adopts the conclusions, analysis, and testimony" of its experts. *Id.* Judge Horan declined to find good cause based on the "mere possibility that an expert report or expert witness's deposition may later adequately cover the same information[.]" *Id.* (quoting *Dennis*, 2017 WL 4778708, at *9).

---

³Wings relies on *Lone Star Technological Innovations, LLC v. ASUSTeK Computer Inc*, 2020 WL 6803258, at *3 (E.D. Tex. Sept. 18, 2020), for the proposition that deposition topics that require testimony regarding the computation, calculation, or estimation of damages are not proper Rule 30(b)(6) testimony. But *Lone Star* is distinguishable because, in that case, the court only found that a deposition topic regarding the validity of a patent was more properly the subject of expert testimony, and concluded that a deposition topic regarding damages was better suited for an interrogatory because it sought identification of documents regarding that information. *See id.*

This court finds Judge Horan's reasoning in *Veroblue* to be persuasive, and applies it here. Topic Nos. 3, 6, and 8 seek information regarding what Wings believes its damages to be and what are the causes of these damages. For its part, Wings has not satisfied its burden to demonstrate good cause to limit the proposed discovery. Wings relies on conclusory assertions regarding these topics and does not offer case authority indicating that the court should depart from this circuit's precedent.

Accordingly, the court denies Wings's request for a protective order as to Topic Nos. 3, 6, and 8, and, as in *Veroblue*, allows Wings to defer to and testify that it adopts the conclusions, analysis, and testimony of its expert witnesses.

C

Wings's objections to Topic Nos. 7, 9, 10, 14, and 15 are substantially similar. Topic No. 7 seeks discovery regarding "[t]he condition of the insured property prior to the storm event you alleged caused the damage," P. Br. (ECF No. 18) at 5;[4] Topic No. 9 seeks discovery regarding "[t]he identity and last known address of the maintenance staff employees of plaintiff who performed maintenance related work at the insured property from 2013 to the present," *id.* at 6; Topic No. 10 seeks discovery regarding "[t]he identity and role of all maintenance and/or construction contractors who performed work at the insured property from 2013 to the present," *id.*; Topic No. 14 seeks discovery regarding

---

[4]It is also unclear whether Topic No. 7 remains in dispute; Westchester states that Wings agreed to withdraw its objection to this deposition topic, but Westchester addresses the topic as if it remains in dispute. Again, on the assumption that the parties still dispute Topic No. 7, the court will address it.

"[m]aintenance performed on the insured property for the last seven years," *id.* at 8; and Topic No. 15 seeks discovery regarding "[p]rior insurance claims for the insured property for the last five years," *id.*

Wings objects that Westchester has not stated these topics with particularity, asserting, *inter alia*, that the topics are not reasonably limited in time. For example, Wings maintains that it is unreasonable to require its corporate representative to testify to the Property's condition from 2013 to present when it purchased the Property on approximately March 16, 2021. Westchester responds that Wings has produced discovery indicating some knowledge of the Property's condition as early as 2017, and thus it should be permitted to depose Wings's corporate representative regarding the Property's condition before March 16, 2021.

The court concludes that Topics Nos. 7, 9, 10, 14, and 15 are proper as written. Wings presumably has some knowledge regarding the condition of the Property before the date it purchased the Property, considering that Wings allegedly produced a document from 2017 regarding the Property's roof repair, which Wings does not dispute. *See Google LLC*, 2024 WL 1691623, at * 3 (acknowledging that deponent was clearly in possession of relevant, responsive information based on documents already produced to the discovering party). The topics as phrased are also explicitly or implicitly limited in time. And Wings has failed to provide any information regarding the nature of its burden to prepare its corporate representative on matters dating from 2013 to present on these topics.

Accordingly, the court denies Wings's motion for a protective order regarding Topics Nos. 7, 9, 10, 14, and 15. Wings has a duty under Rule 30(b)(6) to prepare its designee(s)

regarding the Property's condition. Wings must educate its designee(s) by reviewing documents in its possession, interviewing former employees, or utilizing any properly acquired source of information. *See supra* § III(A) (citing *United Healthcare Servs., Inc.*, 2021 WL 9146632, at *3; *Brazos River Auth.*, 469 F.3d at 433).

* * *

For the reasons explained, the court denies Wings's protective order as to Topic Nos. 1, 3, 6, 7, 8, 9, 10, 14, and 15, and declines to modify them.

**SO ORDERED**.

July 9, 2024.

<br>

*[signature]*
SIDNEY A. FITZWATER
SENIOR JUDGE